IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINISTER QADIR LAMB,<br><br>      Plaintiff,<br><br>   v.<br><br>STATE OF NEW JERSEY OAKLYN BOROUGH MUNICIPAL COURT, et al.,<br><br>      Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 13-1135 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE,** Chief Judge:

   The instant matter is before the Court pursuant to 28 U.S.C. § 1915.  Plaintiff Minister Qadir Lamb ("Plaintiff"), representing himself, seeks to remove the underlying municipal court action to this Court and requests to proceed without the prepayment of fees.  [Docket Item 1.]  According to the proposed complaint, the Oaklyn Municipal Court demanded that the Plaintiff pay fines and costs associated with a traffic ticket.  The Court finds as follows:

   1. The Plaintiff did not pay the filing fee or execute a proper affidavit for filing in forma pauperis.  Instead, Plaintiff attached an "Affidavit of Financial Statement" which states the Plaintiff does "not have, or possess, any gold or silver coins, as prescribed by United States Constitution Law, which is the lawful money to pay the restricting demands, conditionally commanded by Employees and Contractors of the

Court."  [Docket Item 1-1 at 1.]  This is insufficient to establish that the Plaintiff should be entitled to proceed without prepayment of fees.

  2.  28 U.S.C. § 1915(a) requires a litigant who seeks to proceed without prepayment of fees to submit an affidavit of all assets the litigant possesses along with a statement that the litigant is unable to pay the required fees.  In addition, the "affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).

  3.  Here, Plaintiff's affidavit does not include a statement of all his assets so the Court is unable to assess the merits of his IFP application.  Plaintiff's abstruse reference to "gold and coin" and subsequent argument that the Constitution requires payment in "gold or silver coin," not the currency in use today, is without merit or logic.  If the Plaintiff wishes to proceed with this action in forma pauperis, he must comply with the requirements of § 1915(a)(1) and submit an affidavit disclosing all the assets he currently possesses.  Without this information, the court will deny Plaintiff's application and will remand this complaint to municipal court.

  4.  Even if the Court were to grant IFP status to the Plaintiff, the Court would still be required to remand this matter to the municipal court.  This Court lacks jurisdiction

over a traffic ticket case. See, e.g., Christ v. Vora, 294 Fed. Appx. 752, 752 (3d Cir. 2008) (affirming the district court's dismissal of an action which plaintiff sought to remove from municipal court, arguing that traffic citations, and other citations, were issued on the basis of religious and ethnic discrimination), and El Bey v. N. Brunswick Mun. Court, No. 08-2825, 2008 WL 2510725, at *1 (D.N.J. June 19, 2008) (ruling that "a federal district court may not exercise jurisdiction over a municipal court proceeding" and citing several Third, Sixth, and Ninth Circuit cases dismissing or remanding traffic court actions to state court).

    5. State court actions implicating civil rights cases may not be removed under 28 U.S.C. § 1443, except for "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights [the defendant's federal rights] will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood, Mississippi v. Peacock, 384 U.S. 808, 827 (1966).  In the present case, Mr. Lamb has the opportunity to defend himself in the Municipal Court which observes due process of law, and, if convicted, to seek judicial review in the Superior Court of New Jersey, the Supreme Court of New Jersey and ultimately, in a case of federal constitutional dimension, the Supreme Curt of the United States.  Plaintiff has

not demonstrated in his filing that New Jersey courts are incapable of protecting his civil rights.  This removal under 28 U.S.C. § 1443 is therefore improper and this federal court lacks jurisdiction.

    6.   Therefore, even if the Court were to grant the Plaintiff's request to proceed in forma pauperis, the removal of this case would be frivolous and without basis in law because the Court lacks jurisdiction over municipal court matters.

    7.   The accompanying Order for Remand will be entered.


**April 8, 2013**                                        **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                        Chief U.S. District Judge